UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LONDON DE'SHAWN NEAL,

        Petitioner,

  v.

                                      Case No. 20-cv-600-pp

LARRY FUCHS,[1]

        Respondent.

**ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING *HABEAS* PETITION**

        On April 13, 2020, the petitioner, who is incarcerated at Columbia Correctional Institution and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2012 convictions in Waukesha County Circuit Court for second-degree sexual assault of a child and witness intimidation. Dkt. No. 1. With his petition, the petitioner filed a motion to proceed without prepaying the $5.00 filing fee. Dkt. No. 2.

        This order grants the petitioner's motion to proceed without prepaying the filing fee and screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it does not plainly appear from the record that the petitioner is not entitled to relief, the court will allow the petitioner to

---

[1] The petitioner listed "State of Wisconsin" as the respondent. Dkt. No. 1 at 1. Under Rule 2 of the Rules Governing Section 2254 Cases, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." The petitioner is an inmate at Columbia Correctional Institution. https://appsdoc.wi.gov/lop/home.do. This order lists Warden Larry Fuchs as the respondent.

1

proceed on his claims and order the respondent to answer or otherwise respond.

I.  **Motion for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

There is a $5.00 filing fee for filing a *habeas* petition. 28 U.S.C. §1914(a). The petitioner asked the court to allow him to proceed without prepaying that fee. Dkt. No. 2. Section 1915(a)(1) of Title 28 allows a court to authorize the commencement of a lawsuit without prepayment of the filing fee if the person "submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The petitioner's request indicates that he has no assets—no bank account, no retirement account, no investments, no real estate and no other assets of value. Dkt. No. 2 at 2. His trust account statement shows that as of April 21, 2020, the petitioner had an end balance of $1.85 in his regular trust account and an end balance of $49.96 in his release account. Dkt. No. 5 at 2. The court will grant the petitioner's request to proceed without prepaying the filing fee.

II.  **Background**

The petition refers to two Wisconsin criminal cases: "2015CF000369" and "2016CF000166." Dkt. No. 1 at 2. The petitioner states that he entered no-contest pleas in Waukesha County Circuit Court to second-degree sexual assault of a child and witness intimidation. Id. The court sentenced the petitioner to twelve years of initial confinement followed by five years of extended supervision on the second-degree sexual assault count. Id.; see also State v. Neal, Waukesha County Case No. 15CF000369 (available at https://wcca.wicourts.gov). The court sentenced the petitioner to five years of initial confinement followed by five years of extended supervision on the witness intimidation count, consecutive to his sentence for second-degree

2

sexual assault of a child. Id.; see also State v. Neal, Waukesha County Case No. 16CF000166 (available at https://wcca.wicourts.gov). The court entered judgments in both cases on April 12, 2016. State v. Neal, Waukesha County Case Nos. 15CF000369, 16CF000166 (available at https://wcca.wicourts.gov).

On December 28, 2018, Attorney Hans Koesser filed a no-merit brief for the petitioner in both cases. Id. The petitioner responded to Attorney Koesser's no-merit briefs. Id. On December 27, 2019, the Court of Appeals summarily affirmed the petitioner's convictions. Id. On February 12, 2020, the petitioner filed a petition for review in the Wisconsin Supreme Court. Dkt. No. 1 at 4. The petitioner indicates that days later, the court denied review "due to not proper placed in 30 day period." Id.

The petitioner filed this petition approximately two months later.

### III. Rule 4 Screening

    A.    Standard

Rule 4 of the Rules Governing Section 2254 Proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear to the court that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view of the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). The court also considers whether the petitioner filed within the limitations period, exhausted

his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B. Analysis

The petition asserts four grounds for relief: (1) the petitioner did not enter his no-contest pleas knowingly, voluntarily and intelligently; (2) ineffective assistance of trial counsel for failing to call an expert and "seeming conceding to the state[']s expert witness and conclusions"; (3) ineffective assistance of counsel for allowing the petitioner to enter a no-contest plea "knowing he was not guilty"; and (4) ineffective assistance of counsel for allowing the trial court to sentence the petitioner based on his juvenile record. Id. at 6-9.

The petitioner has stated cognizable constitutional claims. See Jean-Paul v. Douma, 809 F.3d 354, 358-59 (7th Cir. 2015) (considering an involuntary plea claim on *habeas* review); Trevino v. Thaler, 569 U.S. 413 (2013)

4

(considering an ineffective assistance of counsel claim on *habeas* review); Perruquet v. Briley, 390 F.3d 505, 512 (7th Cir. 2004) (considering a claim of trial court error on *habeas* review).

Based on the face of the petition, the court has concerns relating to procedural default. The petitioner states that the Wisconsin Supreme Court denied his petition for review because it was untimely. Dkt. No. 1 at 3. Procedural default can result from the Wisconsin Supreme Court's decision to deny a petition for review as untimely. Christie v. Deppisch, 124 F. Appx. 460, 460-61 (7th Cir. 2005). Because the court does not yet have the benefit of a full record, however, the court will allow the petitioner to proceed on his claims and order the respondent to file a responsive pleading.

### IV. Conclusion

The court **ORDERS** that the petitioner may proceed on the grounds stated in his *habeas* petition.

The court **ORDERS** that within sixty days the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue.

If the respondent files an *answer* to the petition, the petitioner should not object to that answer. Instead, the court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files his answer to file a brief in support of his petition (in this brief, the petitioner should explain why he believes the court should grant him the *habeas* relief he requests);

5

(2) the respondent has forty-five days after the petitioner files his initial brief to file the respondent's brief in opposition to the petition; and

(3) the petitioner has thirty days after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion (such as a motion to dismiss the petition), the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within forty-five days of the date on which the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within thirty days of the date the petitioner files the opposition brief.

The parties must submit their pleadings in time for the court to *receive* them by the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, the court will notify the Wisconsin Department of Justice (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The Department of Justice will inform the court within twenty-one days from the date of the NEF whether the Department of Justice will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent).

The Department of Justice will provide the pleadings to the respondent on whose behalf the Department has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 17th day of May, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**